**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baine Grantham, Margaret Grantham, Walter Grantham, James Ptak, Carol Ptak, Gryphon Ranch, Todd Strawdinger, Tari Infante, Dave Dilli, Suzanne Dilli, Neil Blindauer, Karen Blindauer and Katelan Blindauer,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-24-00790-PHX-ROS<br><br>**ORDER** |

Plaintiffs filed suit against the United States under the Federal Tort Claims Act ("FTCA") regarding the government's actions allegedly taken in response to the June 2021 Telegraph Fire. The United States filed a motion to dismiss arguing the discretionary function exception to the FTCA immunizes the government from suit. (Doc. 24, "Mot."). For what follows the United States' motion will be granted and Plaintiffs will be given leave to amend.

**I.       Factual Background**

This case arises from the decisions the United States allegedly made in fighting the Telegraph Fire, one of the largest wildfires in Arizona history, in June and July of 2021. (Mot. at 5). The United States Department of Agriculture Forest Service ("Forest Service") strategically uses fire to manage natural resources. (Doc. 20, "FAC" at ¶ 3). Plaintiffs state this is evidenced in the April 2014 National Cohesive Wildlife Fire Management Strategy

which has been incorporated in several which has been reiterated in various documents and resources including (1) the USDA Forest Service Strategic Plan: FT 2015-2020, (2) letters of intent and statements by USDA Forest Service Chiefs from 2018-2021, and (3) the 2023 National Cohesive Wildfire Management Strategy Addendum Update. (*Id*. at ¶ 15-24). The vision statement of the April 2014 National Cohesive Wildlife Fire Management Strategy, frequently reiterated in these sources, calls "[t]o safely and effectively extinguish fire when needed; use fire where allowable; manage our natural resources; and as a nation, to live with wildfire." (*Id.* at ¶ 15).

During the events of the Telegraph Fire, Plaintiffs allege the Forest Service used the Telegraph Fire and backfiring operations[1] to derive natural resource benefits at the expense of Plaintiffs' private property. (*Id.* at ¶ 24-25. Plaintiffs' expert Franklin O. Carroll opines the Telegraph Fire should have been contained on June 8-9, 2021 and June 10, 2021 at the latest. (Doc. 27-1 at ¶ 11-13, 15). Plaintiffs allege on June 10, 2021, despite near containment of the Telegraph Fire, "the Forest Service expanded the Fire to merge with the Mescal Fire on the San Carlos Apache Reservation." (*Id.* at ¶ 29). And June 13-14, 2021, "the Forest Service engaged in planned backfiring operations on the Telegraph Fire that immolated some 30,600 acres of land, including Plaintiffs' private property. (*Id.* at ¶ 30; *see also* Doc. 27-5 at ¶ 6; Doc. 27-1 at ¶ 8). Plaintiffs' signed affidavits declare these backfire operations were made without their consent.[2] Plaintiffs' expert Carroll opines it is "more likely than not," the Forest Service "used the Telegraph Fire as a natural resource management tool to return Fire to the landscape to achieve fuel treatment and expanded fire suppression objectives." (Doc. 27-1 at ¶ 8). Plaintiffs filed suit against the United States for negligence and trespass seeking monetary relief. (FAC at ¶ 34-49). The United States has moved to dismiss for lack of jurisdiction arguing Plaintiffs' claims are barred by the discretionary function exception of the FTCA.

---

[1] Backfiring is a firefighting strategy where a second fire is set on the inner edge of the first fire to either consume the first fire's fuel or change its direction. (FAC at fn. 2)

[2] *See* Doc. 27-9 at ¶ 7; Doc. 27-10 at ¶ 10; Doc. 27-11 at ¶ 10; Doc. 27-12 at ¶ 21; Doc. 27-13 at ¶ 4; Doc. 27-14 at ¶ 7; Doc. 27-15 at ¶ 21; Doc. 27-16 at ¶ 21; Doc. 27-17 at ¶ 21).

## II. Legal Standard

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Federal Rule of Civil Procedure 12(b)(1) provides a party may move for the dismissal of the case at any point during the litigation.

As sovereign, the United States "can be sued only to the extent that it has waived its immunity" from suit. *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA established Congress' waiver of sovereign immunity "for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) (citing 28 U.S.C. § 1346(b)(1)). The FTCA gives federal courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of any government employee "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Even if plausibly pled, "liability of the United States under the FTCA is subject to the various exceptions contained in [28 U.S.C. § 2680]." *United States v. Gaubert*, 499 U.S. 315, 322 (1991). As to the FTCA's exceptions, the "plaintiff has the burden of showing there are genuine issues of material fact as to whether the exception should apply, but the government bears the ultimate burden of establishing that the exception applies." *Green v. United States*, 630 F.3d 1245, 1248-49 (9th Cir. 2011).

Under the discretionary function exception to the FTCA, the United States preserves its sovereign immunity from suit as to

> [a]ny claim based upon an act or omission of an employee of the Government…based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

§ 2680(a).

The applicability of the discretionary function exception is determined by a two-part test, sometimes referred to as the *Berkovitz* analysis. *See Berkovitz v. United States*, 486 U.S. 531, 536, (1995). Courts must determine whether (1) "the challenged actions involve an 'element of judgment or choice'" and, if so, whether (2) the "judgment is of the kind that the discretionary function exception was designed to shield." *Esquivel v. United States*, 21 F.4th 565, 572-73 (9th Cir. 2021). at 573-574 (first quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991); and then quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). In considering the second step, "[t]he focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the action taken and on whether they are susceptible to policy analysis." *Gaubert*, 499 U.S. at 325. The federal government is immune from suit if the challenged action satisfied both steps. *Esquivel*, 21 F.4th at 574. If so, "federal courts lack subject matter jurisdiction" over the dispute, "even if the court thinks the government abused its discretion." *Id.*

The Ninth Circuit has reviewed several cases regarding the discretionary function exception in the context of forest fires. In *Miller v. United States*, 163 F.3d 591 (9th Cir. 1998), the court held the discretionary function barred plaintiff's suit against the Forest Service where a forest fire spread from Ochoco National Forest onto the plaintiff's property. In *Esquivel v. United States*, 21 F.4th 565, 572-73 (9th Cir. 2021), the court similarly found the discretionary function barred suit against the Forest Service's actions when a wildfire threatened private property and a fire crew obtained a resident's verbal consent before starting suppression activities, but the crew's fire suppression activities damaged plaintiff's property. In *Woodward Stuckart LLC v. United States*, 650 F. App'x 380, 383 (9th Cir. 2016), the court also applied the discretionary function exception to the Forest Service's decisions as to whether and when to suppress a naturally caused wildfire. In *Backfire 2000 v. United States*, 273 F. App'x 661, 662-63 (9th Cir. 2008), the court explicitly found the Forest Service's use of backfires to fight the Bitterroot wildfires was subject to the discretionary function.

### III. Analysis

The United States argues Congress has not waived sovereign immunity for Plaintiffs' claims under the FTCA because the challenged United States actions fall within the FTCA's discretionary function exception. Plaintiffs respond the Court should consider a summary judgment standard of review and argue the discretionary function does not apply because it could be found the Government violated Plaintiffs' procedural and substantive due process rights. The Court will consider the standard of review first before reviewing whether Plaintiffs' claims are subject to the FTCA's discretionary function exception.

### A. Standard of Review

Plaintiffs contend the summary judgment applies because factual issues go to the merits. The United States argues a summary judgment standard is neither warranted nor appropriate because the factual issues raised by Plaintiff are immaterial to resolving jurisdiction.

There are two types of 12(b)(1) attacks: facial and factual. In a facial attack, the challenger asserts that the allegations in the complaint are, on their face, insufficient to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, the challenger disputes the truth of the allegations to invoke federal jurisdiction by introducing affidavits or other evidence establishing the court lacks subject-matter jurisdiction. *Id.* Once the challenging party has met its burden to convert the motion to dismiss into a factual attack, the party opposing the motion must furnish affidavits or evidence to overcome its burden of establishing subject-matter jurisdiction. *Id.* In considering a factual motion, the court need not presume the truthfulness of the plaintiff's allegations in the complaint, though it must resolve any factual disputes in the plaintiff's favor. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016).

A dismissal under 12(b)(1) is inappropriate if the motion is based on material disputed facts and the jurisdictional and substantive issues are "so intertwined" that resolution of the jurisdictional question requires the court to reach the merits of the plaintiff's claims. *Safe A*ir, 373 F.3d at 1039 (*quoting Sun Valley Gas, Inc. v. Ernst Enters.*,

711 F.2d 138, 139 (9th Cir. 1983)). If the jurisdictional motion involves disputed factual issues that go to the merits of the claim, the court should instead apply a summary judgment standard and not reach the jurisdictional question until a substantive motion is filed or the case proceeds to trial. *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014). In resolving a factual attack on jurisdiction, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub. Co v. Gen. Tel. & Elcs. Corp.*, 286 F.3d 1168, 1173 (9th Cir. 2002).

Both parties raise factual issues on the applicable question of the discretionary function exception. However, the Court finds the factual disputes in this case are not so intertwined with the jurisdictional question such that resolution of the factual disputes is necessary to decide the motion.

**B. Berkovitz Test**

**a. Discretionary or Mandated Act**

The first step of the discretionary function inquiry asks whether the challenged conduct involves an "an element of judgment or choice." *Esquivel*, 21 F.4th at 573. If there is no "federal statute, regulation, or policy [that] specifically prescribes a course of action," then this requirement is satisfied. *Id.*

The United States argues no statute, regulation, or policy directive prescribed a course of action that fire personnel were required to follow in responding to the Telegraph Fire. Plaintiffs' complaint alleges several policies prescribed the Forest Service's actions including (1) the April 2014 National Cohesive Wildlife Fire Management Strategy, (2) the USDA Forest Service Strategic Plan: FT 2015-2020, (3) statements and letters of intent by USDA Chiefs of the Forest Service from 2018-2021, and (4) the 2023 National Cohesive Wildfire Management Strategy Addendum Update (FAC at ¶ 15-24). Plaintiffs' response to the motion does not argue the United States followed a specific policy, but instead argues the United States has not met this prong because it could be found the Forest Service's actions violated the Due Process clause.

While circuits disagree on whether the discretionary exception of FTCA shields tortious conduct that allegedly violates the U.S. Constitution, in the Ninth Circuit, the

discretionary function does not necessarily shield tortious conduct that violates the U.S. Constitution.[3] *See Nurse v. United States*, 226 F.3d 996, 1002 n.2 (9th Cir. 2000) ("The Constitution can limit the discretion of federal officials such that the FTCA's discretionary function exception will not apply."). Courts in this District have followed *Nurse*, though begrudgingly, urging its holding should be refined. *See J.P. v. United States*, 679 F. Supp. 3d 911 (D. Ariz. 2023); *B.A.D.J. v. United States*, 2022 WL 11631016 (D. Ariz. 2022).

Each of Plaintiff's cited cases identifies a policy or federal requirement the United States was required to follow. In *Nurse,* the plaintiff's complaint alleged officials "established, promulgated and enforced rules, regulations, policies, directives, guidelines, and practices which they knew, or should have known, were unlawful and discriminatory and would result in the false arrests and detentions and unlawful searches of persons, particularly persons of color, traveling to and from the United States." *Nurse*, 226 F.3d 966 at 1000. Plaintiff also cites cases brought after child separations pursuant to government policy dictating the forcible separation of children by federal officers at Arizona immigration holding centers. In *C.M. v. United States*, 2020 U.S. Dist. LEXIS 252691 (D. Ariz. 2020), plaintiffs brought claims for intentional infliction of emotional distress and negligence against the United States for forcible child separations. In finding the plaintiffs plausibly alleged a constitutional violation, the court stated, "[p]laintiffs … did more than 'simply label' the government's conduct as unconstitutional-they cited a court order declaring this conduct so 'egregious,' 'outrageous,' 'brutal,' and 'offensive' that it warranted immediate enjoyment." *Id.* at *10-12. In *B.A.D.J.*, plaintiffs similarly brought claims of intentional infliction of emotional distress, negligence, and loss of child's consortium against the United States for forcible child separation. *B.A.D.J*, 2022 WL 11631016 at *3. The court found plaintiffs' allegation the United States violated their procedural due process by "coercing parents like [B.A.D.J.] to abandon their asylum claim"

---

[3] The Supreme Court recently granted certiorari in *Martin v. United States*, 2024 WL 1716235 (11th Cir. 2024), *cert. granted* 2025 U.S. LEXIS 529 (2025) as to "[w]hether the Constitution's Supremacy Clause bars claims under the Federal Tort Claims Act when the negligent or wrongful acts of federal employees have some nexus with furthering federal policy and can reasonably be characterized as complying with the full range of federal law."

was sufficient to satisfy *Nurse's* holding. *Id.* at 8.

Plaintiffs' First Amended Complaint offers several possible violations of constitutional rights including,

> Congress never intended the [discretionary function exemption] as a license to burn private property for a vaguely defined greater good. Violating constitutional rights or federal statutes is beyond Forest Service officials' discretion. Under the Cohesive Strategy, the Forest Service's policy decision to use wildfire as a land management tool was made and implemented in the full knowledge that individual landowners who would inevitably suffer from wildfire use would receive neither prior due process nor subsequent recourse against the United States. (FAC at ¶ 10).

Paragraph 11 continues,

> In this context, sacrificing the private interests and civil rights of a few Forest Service neighbors for bets made on behalf of the nation is unconstitutional. The Forest Service enjoys no discretion in violating the constitutional and human rights of a few unfortunate neighbors, like Plaintiffs, damaged through the execution of the Cohesive Strategy, regardless of the national interest promoted by burning them and their lands. Forest Service conduct cannot be 'discretionary' if it defenestrates constitutional rights. (FAC at ¶ 11).

And paragraph 22,

> In addition, the discretionary function exception to the FTCA does not apply because the policy pursued by the Forest Service in its response to the Telegraph Fire violates the procedural and substantive components of the Due Process Clause of the United States Constitution, which protects against government interference with private property rights. It is not within the discretion of federal actors, including the Forest Service, to violate the Due Process clause … Still, it violates due process to negligently, recklessly, or intentionally destroy the neighbors' private property- including Plaintiffs' as part of a wildfire use program to secure federal natural resource benefits. (FAC at ¶ 22).

Ignoring Plaintiffs' conclusory and oblique constitutional allegations such as "[v]iolating constitutional rights or federal statues is beyond Forest Service officials' discretion" and "the policy pursued by the Forest Service in its response to the Telegraph Fire violates the procedural and substantive components of the Due Process Clause of the United States Constitution" leaves allegations the United States used wildfire pursuant to the "Cohesive Strategy" as either a "land management tool," "[to promote] national

- 8 -

interest," or "to secure federal natural resource benefits" to the inevitable suffering of Plaintiff's property from wildfire use.[4] (*Id.* at ¶¶ 10-11, 22).

Yet nothing in the "Cohesive Strategy" alleges any mandate the Forest Service was required to follow in response to the Telegraph Fire. Plaintiffs repeatedly cite the vision statement of the April 2014 National Cohesive Wildlife Fire Management Strategy, later incorporated into the USDA Forest Service 2015-2020 Plan which merely calls "[t]o safely and effectively extinguish fire when needed; use fire where allowable; manage our natural resources; and as a nation, to live with wildfire." (*Id.* at ¶ 15). The statements of former USDA Forest Service chiefs similarly do not prescribe any required policy decisions. The 2018-2021 statements only "[s]ummariz[e] the achievements of the 2018 fire season," develop a "'More Fire on the Landscape' work group" and letters of intent merely express intent to "remain committed" and "remain anchored" to the National Cohesive Wildland Fire Management Strategy. (*Id.* at ¶¶ 17-21). Finally, the 2023 National Cohesive Wildfire Management Strategy Addendum Update, while similarly lacking mandates the Forest Service is required to follow, post-date the events of Telegraph Fire.

In the absence of identifying any required policy followed in combating the Telegraph Fire, Plaintiffs still argue the United States was negligent in combating the Telegraph Fire. But the Supreme Court has held a deprivation of property by the negligence of a government official is categorically insufficient to allege a violation of constitutional due process. *See Daniels v. Williams*, 474 U.S. 327 (1986) ("The Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property."); *Kingsley v Hendrickson*, 576 U.S. 389, 396 (2015) ("Liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). Thus, Plaintiffs have not plausibly alleged a constitutional violation sufficient

---

[4] The United States has also raised an alternative argument Plaintiffs' trespass claim is more properly characterized as a taking, which has exclusive jurisdiction of the Court of Federal Claims for claims exceeding $10,000 under the Tucker Act unless Congress has granted federal courts other authority to hear such claims. 28 U.S.C. § 1491; *Blades v. Comm'r of SSA*, 2024 U.S. Dist. WL 3818595 (D. Ariz. 2024) (citing *McGuire v. United States*, 550 F.3d 903, 910-11 (9th Cir. 2008)). While the Court need not reach this argument today, it notes Plaintiffs would be free to allege a taking in the Court of Federal Claims.

- 9 -

to make the discretionary function exception inapplicable here.

Plaintiffs have not pled a requirement or policy or mandate the Forest Service was required to follow in responding to the Telegraph Fire nor plausible constitutional violations. Accordingly, the United States has met the first prong of the *Berkovitz* test.

### b. Susceptible to Policy Analysis

The Court must now consider whether the "judgment is of the kind that the discretionary function exception was designed to shield" and "whether they are susceptible to policy analysis." (first quoting *Berkovitz*, 486 U.S. at 536; and then *Gaubert*, 499 U.S. at 325). The United States cites several cases holding fire fighting operations are subject to policy considerations including *Miller,* 163 F.3d at 598, *Esquivel*, 24 F.4th at 565, and *Green*, 530 F.3d at 1251-52. The United States adds a list of policy considerations in this specific case including (1) risks to first responder safety, (2) risks to nearby communities, (3) risks to critical infrastructure, (4) risks to trails and cultural resources, (5) socio-political considerations such as the reaction of the public, (6) availability of firefighting resources, and (7) risks and resources demands posed by other wildfires in the area. (Mot. at 15-16). Plaintiffs raise no arguments regarding the second prong of the discretionary function exception.

Ample evidence and precedent support the United States' contention that firefighting operations and the use of backfires are grounded in social, economic, and political considerations. Accordingly, the United States has met the second prong of the discretionary function test, and the Court must dismiss this matter for lack of jurisdiction.

### IV.   Conclusion

Plaintiffs' claims for negligence and trespass are subject to the discretionary function exception of the FTCA.

Accordingly,

**IT IS ORDERED** the United States's Motion to Dismiss (Doc. 24) for lack of jurisdiction is **GRANTED**.

**IT IS FURTHER ORDERED** the United States's Motion to Dismiss (Doc. 18) is **DENIED** as moot.

**IT IS FURTHER ORDERED** Plaintiffs' Motion to Amend/Correct Caption (Doc. 29) is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiffs' First Amended Complaint (Doc. 20) is **DISMISSED WITH LEAVE TO AMEND**. Plaintiffs may file an amended complaint no later than February 7, 2025. If no amended complaint is filed by that date, the Clerk is directed to enter a judgment of dismissal with prejudice.

Dated this 28th day of January, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge